

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

May 11, 2020

**VIA ECF**

Hon. George B. Daniels, U.S.D.J.
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

Re:     **Hines v. EMI April Music Inc.. et al., Case No. 1:20-cv-03535-GBD**
        **Notice of Related Case**

Dear Judge Daniels:

We write further to our letter of May 8, 2020, and in response to the May 8, 2020 letter addressed to Judge Oetken filed by Plaintiff's counsel, Christopher Brown, and further filed in the above-referenced case.  ECF No. 24.

Contrary to his contention, Plaintiff's counsel is completely aware that the above-captioned case is unquestionably related to *Hines v. Roc-A-Fella Records Inc.*, No. 1:19-cv-4587-JPO (the "Related Case"), before Judge Oetken, as it concerns *the exact same cause of action*.  The instant lawsuit and the Related Case involve (i) the same plaintiff; (ii) two of the same defendants—Carter and Mosley; (iii) the same copyright allegedly infringed—the composition "Help Me Put Out The Flame (In My Heart)"; and (iv) the same works that plaintiff claims infringe his copyright—"Paper Chase," as performed by Jay-Z, and "Toe 2 Toe," as performed by Ginuwine.

The instant lawsuit is also subject to the same pleading requirements (and deficiencies) that Judge Oetken already reviewed in his decision dismissing the pleading for failure to state a claim (the "Order").  By circumventing the related case filing requirement, Plaintiff is seeking to avoid any review and application of that decision here.  These efforts are consistent with and the latest instance of Plaintiff's counsel's procedural gamesmanship, as set forth in the Order.

That Plaintiff would seek to purportedly "withdraw" a pending motion for reconsideration of the Order while briefing is still in process thereon—prompted solely by our letter, and in a misguided attempt to avoid a related case assignment—is troubling.   Plaintiff's counsel was made aware that Defendants intended to respond (and still intend to respond) to the motion for reconsideration, but chose to keep his options open until he decided he preferred to avoid the related case assignment.

Local Civil Rule 1.6 plainly states that attorneys appearing before the Court have a continuing duty to "bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort."  Failure

437  Madison  Ave.,  25th  Floor,  New  York,  New  York 10022-7001
Phone:  (212) 509-3900  Fax:  (212) 509-7239  Website: WWW.MSK.COM



to do so can subject the violating attorney to reasonable costs.  *Id.*  A situation such as this one, involving the *exact same copyright* and the *exact same cause of action*, is precisely where such a duty arises.  *See Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170(CM), 2012 WL 1744838, at *7 (S.D.N.Y. May 15, 2012) (explaining that Rule 1.6 was promulgated to avoid inconsistent rulings on cases that should have been consolidated, and cautioning plaintiff's attorney that he risks costs being assessed against him if he files multiple actions over the same alleged infringement without complying with Rule 1.6).[1]

The instant case is nothing more than a continuation of the Related Case.  It involves the same set of facts and causes of action, and is inextricably intertwined with the Related Case's procedural history.  It should accordingly be reassigned to Judge Oetken.

Respectfully,

/s/ Christine Lepera


Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml

cc:
Hon. J. Paul Oetken
Christopher Brown, counsel for Plaintiff

---

[1] Plaintiff's counsel contends that he was not in violation of this rule or had any need to apprise the Court because of the following two cases: *Webber, et al. v. Dash, et al.*, 19-cv-610 and *Brooks v. Dash, et al.,* 19-cv1944.  These cases have completely different facts, and different plaintiffs, and practically nothing in common, unlike the situation here. Plaintiff's counsel's reference to these cases only highlights the illegitimacy of his contention and procedural machinations.