# Exhibit B



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

April 24, 2020

**BY EMAIL**

Christopher Brown, Esq.
Brown & Rosen LLC
100 State Street, Suite 900
Boston, MA 02109

Re:   Ernie Hines d/b/a Colorful Music v. Roc-A-Fella Records, Inc. et al.,
       <u>Case No. 19-cv-04587 (JPO)</u>

Dear Mr. Brown:

As you know, we are counsel for defendants Roc-A-Fella Records, LLC (sued incorrectly as Roc-A-Fella Records Inc.) and Def Jam Recordings, a division of UMG Recordings, Inc. (sued incorrectly as Def Jam Recordings Inc. and Universal Music Group) ("Defendants") in the above-captioned action.

You are aware, of course, of the Court's decision dated April 16, 2020 ("the Order"), dismissing all of the claims that your client Ernie Hines ("Hines" or "Plaintiff") asserted against Defendants for alleged copyright infringement of the composition "Help Me Put Out The Flame (In My Heart)" (hereafter, "Flame") in connection with the songs "Paper Chase" and "Toe 2 Toe." Although the Court's dismissal as to Defendants was without prejudice, leave to replead was expressly conditioned upon Plaintiff's full payment of the fees incurred in connection with the motions to dismiss made by Defendants and by co-defendant Sony Music Entertainment ("Sony").[1]

Moreover, the bad-faith tactics you employed in the matter, as reflected in the *seriatim* copyright registrations and motions to amend Plaintiff's baseless pleading, significantly increased the costs of defending the case, which fees amounted to at least $59,000 in connection with Defendants' motion to dismiss alone, not including costs incurred by Sony, which was also required to defend against Plaintiff's baseless assertions.

In addition, it is now abundantly clear from our investigation (discussed below) that, even if Plaintiff were to pay the fees and costs required by the Order, there is no set of facts that Plaintiff could plead to support any good faith amendment of the complaint. The incontestable facts and black-letter legal standards make clear that Hines's infringement claim is not merely objectively unreasonable, but patently frivolous. Defendants are hereby providing you with notice that should Plaintiff seek to replead his claim, assuming he first pays the requisite fees, Defendants will seek all available sanctions, including pursuant to Federal Rule of Civil

---

[1] The court also dismissed Plaintiff's claims against Shawn Carter and Tim Mosley, who may pursue Section 505 fees at this juncture.



Christopher Brown, Esq.
April 24, 2020
Page 2

Procedure 11 and 28 U.S.C. § 1927, against Plaintiff and your firm, on the grounds set forth below.[2]

As you know, the Court held that Plaintiff's multiple attempts at pleading his claims failed to comply with the obligation to allege any protectible expression in "Flame" purportedly infringed by "Paper Chase" and "Toe 2 Toe."[3] To satisfy the "unauthorized copying" element of a copyright infringement claim, a plaintiff must show not only that his work was "actually copied" but moreover that the portion copied amounts to an "improper or unlawful appropriation.'" *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003)). In determining the "improper appropriation" prong, a "'court … must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is … something … that is free for the taking.'" *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) (citation omitted).

In the context of music, it is well established that certain compositional elements common to many songs "are unoriginal and constitute '*scenes a faire*,' or ordinary, unprotectible expression" that no composer is entitled to monopolize. *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991). *Accord, Currin v. Arista Records*, Inc., 724 F. Supp. 2d 286, 291 (D. Conn. 2010). There are a "limited number of notes and chords available to composers and … common themes frequently reappear in various compositions, especially in popular music." *Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988) (citing *Arnstein v. Edward B. Marks Music Corp.*, 82 F.2d 275, 277 (2d Cir. 1936)). *Accord*, *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ("Nor does copyright extend to 'common or trite' musical elements … or 'commonplace elements that are firmly rooted in the genre's tradition,' …. These building blocks belong in the public domain and cannot be exclusively appropriated by any particular author.") (citations omitted).

Importantly, when comparing works "that contain both protectible and unprotectible elements, [the Court's] inspection must be 'more discerning'; [the Court] must attempt to **extract the unprotectible elements** from … consideration and ask whether the *protectible elements, standing alone*, are substantially similar." *Knitwaves*, 71 F.3d at 1002 (citation omitted) (emphasis added) (italics in original). "It is plaintiffs' burden to establish the protected elements of their allegedly infringed work." *Gray v. Perry,* 2020 WL 1275221 at *5 (C.D. Cal. Mar. 16,

---

[2] *See, e.g., Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 339 (S.D.N.Y. 2019) (Oetken, J.) (sanctioning plaintiff's counsel under 28 U.S.C. § 1927 in copyright infringement case where plaintiff filed an "utterly meritless" motion that was made vexatiously and in bad faith); *Galonsky v. Williams*, No. 96 CIV. 6207(JSM), 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997) (sanctioning plaintiff's counsel under Rule 11 and 28 U.S.C. § 1927 where plaintiff "filed baseless charges despite ample notice that the claims were without merit").

[3] Plaintiff instead played games trying to avoid this obligation, engaging in dilatory, bad-faith tactics, including by filing *seriatim* copyright registrations for "Flame," and refusing Defendants' requests to receive those copyright registrations and the accompanying deposit copies. As the Court held, Plaintiff improperly moved to amend his complaint *after* the parties fully briefed a motion to dismiss his prior complaint, a dilatory and wasteful tactic that violated the Court's Individual Practice Rule 3.D.ii. Plaintiff sought to include, for the first time on reply to the motion to amend, a brand-new proposed complaint, containing never-previously-asserted allegations and a lengthy expert report by a purported musicologist, all to try to ambush Defendants and prejudice them in this matter.



Christopher Brown, Esq.
April 24, 2020
Page 3

2020) (citing 3 Nimmer on Copyright § 12.11 (2019)).  "It is clear that **slight or trivial similarities are not substantial and are therefore noninfringing**."  4 Nimmer on Copyright § 13.03 (emphasis added).  *See, e.g.*, *Gray, supra*; *Velez v. Sony Discos*, 2007 WL 120686, at *13 *et seq.*  (S.D.N.Y. Jan. 16, 2007).

It is abundantly clear that Plaintiff can never prove a copyright claim under these legal standards, and thus any attempt to replead would violate Rule 11. As Plaintiff admitted in his most recent misleading pleading effort, the allegedly infringed "introduction" to "Flame" is unprotectible because it was ***directly appropriated by Plaintiff*** from the well-known public domain melody entitled "Mysterioso Pizzicato."  Plaintiff's own claimed musicologist, Joe Bennett, concedes that:

> "The FLAME RIFF contains a musical allusion to the famous Mysterioso Pizzicato (aka the 'movie villain's theme'), **a melody that appeared first in 1914 and was common** in silent film in the early 20th century (and is presumably **non-copyright**)."

*See* Bennett Report at p. 4 (emphasis added).

Accordingly, the "introduction" section of "Flame" is trite and commonplace material, which is not entitled to copyright protection.  Our investigation further confirms that, prior to the release of "Flame," the "Mysteriso Pizzicato" theme had already been widely quoted in countless earlier songs, including a great many jazz, rhythm-and-blues, and rock and roll songs, ***for approximately half-a-century preceding the release of "Flame," if not longer***.  Indeed, much of the prior art uses the "Mysterioso Pizzicato" theme in the introduction section to the song – just as it is used in "Flame."  Just a few representative examples of this voluminous prior art include, but are hardly limited to:  "Haunted House Blues" as performed by Bessie Smith (1924); "Blue Spirit Blues" as performed by Bessie Smith (1929); "The Skeleton in the Closet" as performed by Louis Armstrong (1936); "Ghosts in the Graveyard" as performed by the Prairie Ramblers (1938); "Old Man Mose" as performed by Betty Hutton (1939); "At the House of Frankenstein" as performed by Big Bee Kornegay (1958); "Peek-A-Boo" as performed by the Cadillacs (1958); and "Strychnine" as performed by the Sonics (1965).

Even if, *arguendo*, Hines could establish that he made some minimal change of his own creation to "Mysteriso Pizzicato"  (and he cannot), it would be nothing more than inconsequential based on Bennett's own admissions, and woefully insufficient to rise to the level of protectible expression.  *See, e.g.*, *Gray, supra*; *Velez v. Sony Discos*, 2007 WL 120686, at *13 *et seq*.  Accordingly, Hines does not have any ownership claim to the melody, which is in the public domain.

Moreover, even if Plaintiff could obtain copyright protection in whatever purported change he claims to have made to the public domain melody—and he cannot—it would at best be a "thin" copyright that would only protect against "virtually identical" copying.  *Carrell v. Origami Owl, LLC*, 2019 WL 1330941, at *4 (S.D.N.Y. Mar. 25, 2019) (quoting *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003)).  *Accord, Gray, passim.*  As the transcriptions



Christopher Brown, Esq.
April 24, 2020
Page 4

included in Mr. Bennett's concede, "Paper Chase" and "Toe 2 Toe,' on one hand, and "Flame," on the other hand, are *not* remotely identical (let alone virtually identical), but instead have significant differences.

Defendants therefore demand that Hines voluntarily dismiss his claims with prejudice immediately. Defendants should not be forced to incur any additional fees in defense of this matter. If Plaintiff elects to pay Defendants' current outstanding fees and continues to pursue this frivolous action, as you are also aware, Section 505 of the Copyright Act (17 U.S.C. § 505) allows the prevailing party in a copyright infringement action to obtain an award of its attorneys' fees and costs from the losing party. In addition to the remedies provided for under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 as mentioned, Defendants will not hesitate to also seek an award of their substantial attorneys' fees and costs following the inevitable final dismissal of this action.

The foregoing is without waiver of, or prejudice to, Defendants' rights, remedies and claims in the above-captioned action. Nothing set forth herein, or omitted therefrom, constitutes a waiver, concession or admission as to any matter.

Sincerely,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml

cc:   Jeff Movit, Esq.
      Jonathan Davis, Esq.

12024409.4