Exhibit C



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

June 23, 2020

**BY EMAIL**

Christopher Brown, Esq.
Brown & Rosen LLC
100 State Street, Suite 900
Boston, MA 02109

Re:    **Ernie Hines d/b/a Colorful Music v. EMI April Music Inc., et al.,
Case No. 1:20-CV-03535-JPO**

Dear Mr. Brown:

We write on behalf of Warner Chappell Music, Inc., Shawn Carter p/k/a Jay-Z, and Timothy Mosley p/k/a Timbaland ("Defendants") in the above-captioned action ("*Hines II*").  As you know, we also represented Carter and Mosley, as well as Roc-A-Fella Records, LLC and Def Jam Recordings, a division of UMG Recordings, Inc., as defendants in the prior related action, captioned *Hines v. Roc-A-Fella Records, Inc. et al.*, No. 19-CV-4587-JPO ("*Hines I*").

This letter is written further to our letters of April 24, 2020 and May 13, 2020, in which we outlined why this case is without merit and that it should be clear to you that it is objectively unreasonable to continue to prosecute any putative claim.  We write now to not only reiterate that point, but to reiterate it in the context of highly relevant recent case law developments which establish that—irrespective of the clear lack of merit on liability—Plaintiff in all events cannot recover any damages.  Indeed, because of these undisputed facts, as discussed below, any further pressing of this case by you in the hopes of seeking to exact settlement monies solely because of the expense of defense will only bolster the appropriateness of a fee award against Plaintiff here.

First, and as you may or may not be aware, in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), the Second Circuit has now ruled unequivocally that a plaintiff's potential recovery of any infringement damages, including any allocation of a defendant's profits under the Copyright Act attributable to any infringement, is completely limited to the three years prior to filing suit, irrespective of when the alleged infringement was discovered.  *Id.* at 51-52 (holding that a plaintiff's recovery under the Copyright Act "is limited to damages incurred during the three years prior to filing suit" irrespective of whether discovery rule or injury rule applies).  Thus, no Defendant in this case could ever be liable for any disgorgement in connection with "Paper Chase" or "Toe 2 Toe" of any profits made prior to May 6, 2017.

Please be advised that the total revenues from any source for the Defendants for the tracks entitled "Paper Chase" and "Toe 2 Toe" over the last three years is so insignificant that it does not even total in the aggregate **a couple of thousand dollars.**  With apportionment, any putative recovery would be a small fraction of that amount, likely less than a hundred dollars.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

Doc ID



Christopher Brown, Esq.
June 23, 2020
Page 2

Accordingly, your *best case scenario* if you proceed with this lawsuit would be to secure a recovery that is entirely *de minimis*.

Second, your client is also not entitled to claim any statutory damages or legal fees.  You have essentially conceded, as you must, that the deposit copy lead sheet of the Plaintiff's composition filed with the original copyright registration (not registered before the commencement of the alleged infringement) does not support any infringement claim.  Under the recent decision in *Griffin et al. v. Sheeran et al.*, No. 17-CV-5221-LLS, slip op. at 2-3 (S.D.N.Y. Mar. 24, 2020) (ECF No. 121)*,* which held that musical elements not part of the deposit copy are not within scope of the copyright, no sound recording would be admissible.  And, to the extent you have tried to create a new copyright in the composition, which will be challenged as invalid, in all events that registration was filed long after the alleged infringement, and thus does not qualify for any statutory damages or fees protections under the Copyright Act.[1]

On the other hand, while there is no economic upside here for you or your client, there are significant economic downsides.  First, for all of the reasons expressed, we will be seeking an order requiring your client to file a bond as security for costs pursuant to Local Civil Rule 54.2. Security for costs may also include attorneys' fees under 17 U.S.C. § 505.  *See Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-CV-01533-BSJ-JCF, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010).[2]  The factors courts typically look at weigh heavily towards imposition of a bond.  In particular, you have already represented in *Hines I* that your client is *without means to pay attorneys' fees* incurred against him, *see* ECF No. 98, and *this in and of itself merits imposition of a bond*, s*ee, e.g., id.* at *3 ("[C]ourts have held that 'a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2.'"); *Bressler v. Liebman*, No. 96-CV-9310-LAP, 1997 WL 466553, at *4 (S.D.N.Y. Aug. 14, 1997).  Your and your clients' out-of-state status, your baseless legal positions, and your track record of repeatedly failing to comply with applicable procedural rules, among other things, only further serve to demonstrate why a bond is not only appropriate in this case, but warranted.  *See, e.g., Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720-DLC, 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, No. 17-CV-6720-DLC, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018) (ordering plaintiff to post a bond); *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130-AJN, 2019 WL 2865210, at *3 (S.D.N.Y. July 3, 2019), *reconsideration denied*, No. 18-CV-9130-AJN, 2019 WL 6619491 (S.D.N.Y. Dec. 5, 2019) (same).

---

[1] We have already raised issues with the belated and potentially fraudulent copyright registrations prompted solely by these lawsuits, and will seek invalidation of these registrations if *Hines II* proceeds.

[2] We are indeed already entitled to, and intend to seek, attorney's fees in *Hines I*.  Your litigation approach was objectively unreasonable and blatantly aimed at running up defense costs.  You sued the labels and then simply abandoned your claims just to file another case, even before your motion for reconsideration was decided, showing how frivolous it was to embroil those defendants in this matter in first place.  If you proceed with *Hines II*, the amount of those fees will only increase for your client.



Christopher Brown, Esq.
June 23, 2020
Page 3

Accordingly, it is unquestionably in your and your client's best interest to terminate your pursuit of this fatally defective and economically non-viable claim with prejudice now.  We will agree to forego any costs to date of this letter if you voluntarily dismiss this case in its entirety with prejudice no later than June 29, 2020 and agree to suitable releases approved by Defendants.  But if you require us to incur any more fees in connection with *Hines I* or *Hines II*, rest assured we will seek to obtain all financial remedies in Defendants' favor.

The foregoing is without waiver of, or prejudice to, any and all of Defendants' rights, remedies, defenses and positions in *Hines I* and *II*.  Nothing set forth herein, or omitted therefrom, constitutes a waiver, concession or admission as to any matter.

Sincerely,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml

cc:      Jeff Movit, Esq.