UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC,<br><br>            Plaintiff,<br><br>   -against-<br><br>BMG RIGHTS MANAGEMENT (US) LLC, WARNER CHAPPELL MUSIC INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND,<br><br>            Defendants. | Civil Action No.: 1:20-cv-03535 (JPO)<br><br>ECF CASE |

**MEMORANDUM OF LAW OF BMG RIGHTS MANAGEMENT (US) LLC IN SUPPORT OF MOTION TO DISMISS <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY  10036
(212) 790-4500

*Attorneys for Defendant BMG Rights Management (US) LLC*

Defendant BMG Rights Management (US) LLC ("BMG") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Ernie Hines's ("Plaintiff) Second Amended Complaint ("SAC") (Dkt. 38) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), and joins in the motion to dismiss and supporting memorandum of law of Defendants Warner Chappell Music Inc., Shawn Carter, and Timothy Mosley filed today (the "Underlying Motion") (Dkt. 65).

## PRELIMINARY STATEMENT

The Underlying Motion explains why the SAC should be dismissed for failure to state a cognizable claim for copyright infringement pursuant to Rule 12(b)(6). BMG hereby incorporates by reference the Underlying Motion's preliminary statement, background, arguments, and any evidence offered in support of the Underlying Motion as though set forth fully herein.

Count II of the AC fails against BMG for an additional reason. As BMG demonstrated to Plaintiff before filing this Motion, BMG does not own or otherwise administer *Paper Chase*, the musical composition at issue in Count II of the AC, and has not otherwise exploited *Paper Chase* in any manner. Given that BMG does not claim and has not exercised any ownership or other rights in *Paper Chase*, Plaintiff's copyright claim against BMG relating to the composition fails as a matter of law. Accordingly, the Court should dismiss each of Plaintiff's claims against BMG with prejudice.

## FACTUAL BACKGROUND

As stated previously, BMG incorporates the factual background of the Underlying Motion herein. Accordingly, BMG presents only additional public record information relevant to the Court's determination of this Motion that the Underlying Motion does not discuss.

The AC acknowledges that "[a]n EMI affiliated ("EMI") entity is the copyright claimant for [*Paper Chase*,] which has a copyright registration number of PA0001320423." (SAC ¶ 9) However, Plaintiff goes a step further, stating, without any basis whatsoever, that "[t]he rights previously owned by EMI are now with BMG." (*Id.*) This conclusory claim, which forms the foundation of Plaintiff's copyright claim against BMG relating to *Paper Chase*, is demonstrably false, because BMG does not own, administer, or publish *Paper Chase* in any way. In fact, a printout from the U.S. Copyright Office detailing the copyright ownership of the *Paper Chase* composition (PA0001320423) – a true and correct copy of which is annexed as Exhibit 1 to the accompanying Declaration of Robert A. Jacobs executed on January 7, 2021 ("Jacobs Declaration" or "Jacobs Decl.") – does not list BMG as an owner of or claimant to *Paper Chase*. Similarly, the Repertory of the American Society of Composers, Authors and Publishers ("ASCAP"), the performing rights organization that licenses public performances of and collects public performance royalties for *Paper Chase*, does not list BMG as a publisher, administrator or owner of *Paper Chase*. (Jacobs Decl. ¶ 3, Ex. 2) Further still, the Mechanical Licensing Collective's online portal, which identifies song splits, publishing owners, and the companies that administer song owners' interests, similarly does not list BMG as a publisher or administrator of the *Paper Chase*. (Jacobs Decl. ¶ 4, Ex. 3)

Because BMG does not claim and has not exercised any ownership or other rights in *Paper Chase*, and, indeed, has no connection with the composition whatsoever, Count II against BMG must be dismissed without prejudice.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a pleading to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The allegations in the

complaint must be "enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, the complaint must establish that the requested relief is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The plausibility standard is only satisfied where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court ordinarily must accept a plaintiff's allegations as true, it need not accept as true allegations that merely "offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,' " *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

"Under Federal Rule of Evidence 201, a court may take judicial notice, at 'any stage of the proceeding,' of any fact 'that is not subject to reasonable dispute because' it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (quoting Fed. R. Evid. 201(b)(2), (d)). "When considering a Rule 12(b)(6) . . . motion, the Court may take judicial notice of certain matters of public record without converting the motion into one for summary judgment." *Id.* (citations omitted). "Pursuant to Rule 201, courts have considered newspaper articles, . . . documents filed with governmental entities and available on their official websites, and information publicly announced on certain non-

governmental websites, such as a party's official website." *Id.* (citations omitted).[1]

## THE COURT SHOULD DISMISS CLAIM II AGAINST BMG PURSUANT TO RULE 12(B)(6) BECAUSE BMG DOES NOT OWN OR HAVE ANY INTEREST IN THE *PAPER CHASE* COMPOSITION

"To maintain an action for [copyright] infringement, a plaintiff must establish '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Because Plaintiff cannot meet his burden of proof on at least one of the mandatory elements of a copyright infringement claim, his lawsuit must be dismissed pursuant to Rule 12(b)(6).

Plaintiff's failure to sufficiently plead that BMG has any ownership rights in the *Paper Chase* composition or has violated any of Plaintiff's purported exclusive rights in work under the Copyright Act dooms Count II of his AC. Indeed, Plaintiff's entire claim against BMG relating to *Paper Chase* is based on the false assumption that "[t]he rights [to *Paper Chase*] previously owned by EMI are now with BMG" (SAC ¶ 9), and that "BMG . . . claim[s] ownership of the copyright or an interest in the copyright to [*Paper Chase*] registration number PA0001320423" (SAC ¶ 15). But, as discussed on page 2 above, publicly-available information confirms that this plainly is not the case. (*See* page 2, *supra*) Because BMG has not asserted or attempted to exercise any ownership or other rights in the *Paper Chase* composition, BMG could not – and did not – infringe Plaintiff's supposed copyright in the composition. This is simply a case of Plaintiff naming the wrong defendant. Accordingly, Count II against BMG should be dismissed with prejudice.

//

---

[1] Accordingly, BMG respectfully requests that the Court take judicial notice of the documents annexed as Exhibits 1 through 3 to the Jacobs Declaration.

## **CONCLUSION**

For all of the reasons above and in the Underlying Motion, BMG respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice pursuant to Rule 12(b)(6).

Dated:  New York, New York  
        January 7, 2021

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By:  /s/  Robert A. Jacobs  
    Robert A. Jacobs  
    7 Times Square  
    New York, NY 10036  
    Telephone:  (212) 790-4500  
    Facsimile: (212) 790-4545  
    E-Mail:  rjacobs@manatt.com

    Maura K. Gierl (*pro hac vice* application forthcoming)  
    2049 Century Park East, Suite 1700  
    Los Angeles, California 90067  
    Telephone:  (310) 312-4000  
    Facsimile:  (310) 312-4224  
    E-Mail:  mgierl@manatt.com

    *Attorneys for Defendant BMG Rights Management (US) LLC*