UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC,<br><br>Plaintiff,<br><br>v.<br><br>BMG RIGHTS MANAGEENT (US) LLC, W CHAPPELL MUSIC CORP., SHAWN CARTER p/k/a JAY-Z, TIMOTHY MOSLEY p/k/a TIMBALAND, and ELGIN BAYLOR LUMPKIN p/k/a GINUWINE,<br><br>Defendants. | Case No. 1:20-cv-03535-JPO<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

Defendant Elgin Baylor Lumpkin p/k/a Ginuwine ("Lumpkin"), by and through his attorneys, Reitler Kailas & Rosenblatt LLP, as and for his Answer to the Third Amended Complaint filed by plaintiff Ernie Hines d/b/a Colorful Music ("Plaintiff") on February 24, 2022 (the "Complaint"), responds in the following numbered paragraphs, which correspond to the numbered paragraphs of the Complaint, as follows:

**ANSWER TO JURISDICTION**

1. Defendant denies the allegations in paragraph 1 of the Complaint.

**ANSWER TO PARTIES**

2. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 2 of the Complaint.

3. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 3 of the Complaint.

4. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 4 of the Complaint.

5. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 5 of the Complaint.

6. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint except denies that he has an address in Brandywine, Florida.

## ANSWER TO FACTS

8. Defendant admits the allegations in paragraph 8 of the Complaint, except lacks information and belief sufficient to either admit or deny the allegations concerning release history of "Help Me Put Out The Flame (In My Heart)" (hereinafter "Help Me").

### *Help Me*[1]

9. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 9 of the Complaint.

10. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 10 of the Complaint.

11. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 11 of the Complaint, except admits that Defendant is an author of "Toe 2 Toe" and denies "Toe 2 Toe" infringes on Plaintiff's rights.

12. Defendant denies the allegations in paragraph 12 of the Complaint, except lacks information and belief sufficient to either admit or deny the allegations concerning "Paper Chase".

---

[1] To the extent any of the headings in the Complaint contain or purport to contain allegations in support of Plaintiff's claims in the Complaint, Defendant denies the same.

### *Vol. 2…Hard Knock Life – 1998 – Jay-Z*

13. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 13 of the Complaint.

14. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 14 of the Complaint.

15. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 15 of the Complaint.

16. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 16 of the Complaint.

17. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 17 of the Complaint.

18. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 18 of the Complaint.

19. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 19 of the Complaint.

### *100% Ginuwine – 1999 – Ginuwine*

20. Defendant admits that "Toe 2 Toe" was released on the album "100% Ginuwine" in March 1999 by Sony Music Entertainment with a registration number PA0000987622, admits that the album was certified double platinum, and denies the remaining allegations in paragraph 20 of the Complaint.

21. Defendant admits that he is a composer of "Toe 2 Toe" and denies the remaining allegations in paragraph 21 of the Complaint.

22. Defendant admits to claiming an interest in the copyright of "Toe 2 Toe", denies the remaining allegations in paragraph 22 of the Complaint, and denies that clearance or a permission to license from Plaintiff was required.

23. Defendant denies the allegations in paragraph 23 of the Complaint and denies that Plaintiff's consent was required.

24. Defendant denies the allegations in paragraph 24 of the Complaint and denies the veracity of Exhibit D incorporated into the Complaint by reference.

## ANSWER TO COUNT I
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §501, 502, 504 and 505
## AGAINST BMG RIGHTS MANAGEMENT (US) LLC
## FOR THE COMPOSITION TOE 2 TOE

25. Defendant repeats the response to paragraphs 1-24 as if fully set forth herein.

26. Defendant admits the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint, except lacks information and belief sufficient to either admit or deny the allegations concerning seeking Hines' approval.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint, except admits that Windswept Music and subsequently BMG were publishers for the composition of "Toe 2 Toe."

30. Defendant denies the allegations in paragraph 30 of the Complaint, except admits that Windswept Music and subsequently BMG were publishers for the composition of "Toe 2 Toe" and Sony Music Entertainment was the music label with respect to the master recording of "Toe 2 Toe."

31. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

**ANSWER TO COUNT II**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501, 502, 504 and 505**
**<u>AGAINST WARNER CHAPELL MUSIC INC.</u>**
**<u>FOR THE COMPOSITION PAPER CHASE</u>**

34. Defendant repeats the response to paragraphs 1-33 as if fully set forth herein.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 36 of the Complaint.

37. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 37 of the Complaint.

38. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 38 of the Complaint.

39. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 39 of the Complaint.

40. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 40 of the Complaint.

41. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 41 of the Complaint.

42. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 42 of the Complaint.

43. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 43 of the Complaint.

**ANSWER TO COUNT III**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501, 502, 504 and 505**
**AGAINST SHAWN CARTER P/K/A JAY-Z**
**FOR THE COMPOSITION PAPER CHASE**

44. Defendant repeats the response to paragraphs 1-43 as if fully set forth herein.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 46 of the Complaint.

47. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 47 of the Complaint.

48. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 48 of the Complaint.

49. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 49 of the Complaint.

50. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 50 of the Complaint.

**ANSWER TO COUNT IV**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501, 502, 504 and 505**
**AGAINST TIMOTHY MOSLEY P/K/A TIMBALAND**
**FOR THE COMPOSITION PAPER CHASE**

51. Defendant repeats the response to paragraphs 1-50 as if fully set forth herein.

52. Defendant admits the allegations in paragraph 52 of the Complaint.

53. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 53 of the Complaint.

54. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 54 of the Complaint.

55. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 55 of the Complaint.

56. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 56 of the Complaint.

57. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 57 of the Complaint.

**ANSWER TO COUNT V**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501, 502, 504 and 505**
**AGAINST TIMOTHY MOSLEY P/K/A TIMBALAND**
**FOR THE COMPOSITION TOE 2 TOE**

58. Defendant repeats the response to paragraphs 1-57 as if fully set forth herein.

59. Defendant admits the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant lacks information and belief sufficient to either admit or deny the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

**ANSWER TO COUNT VI**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501, 502, 504 and 505**
**AGAINST ELGIN BAYLO LUMPKIN P/K/A GINUWINE**
**FOR THE COMPOSITION TOE 2 TOE**

65. Defendant repeats the response to paragraphs 1-64 as if fully set forth herein.

66. Defendant admits the allegations in paragraph 66 of the Complaint.

67. Defendant admits that he is a composer of "Toe 2 Toe," denies the remaining allegations in paragraph 67 of the Complaint and denies that Plaintiff's permission or approval was required.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint, except admits that Windswept Music and subsequently BMG were publishers for the composition of "Toe 2 Toe" and Sony Music Entertainment was the music label with respect to the master recording of "Toe 2 Toe."

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint and denies that Plaintiff is entitled to compensation.

## ANSWER TO COUNT VII
## UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

72. Defendant repeats the response to paragraphs 1-71 as if fully set forth herein.

73. Defendant admits the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

## FIRST AFFIMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the allegedly infringed elements of "Help Me" are not original to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has an invalid copyright.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendant's allegedly infringing song was created independently and without copying "Help Me".

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because to the extent that Defendant allegedly copied any material contained in "Help Me" – which Defendant expressly denies – the alleged infringement is so trivial that the law does not impose legal liability, fault, or consequences for the alleged taking.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## JURY DEMAND

Defendant demands a jury trial on all the issues so triable.

**WHEREFORE**, Defendant respectfully request that the Court enter judgment dismissing the Complaint in its entirety with prejudice, awarding Defendant his costs and disbursements incurred in defending this action and granting Defendant such other and further relief as the Court deems just and proper.

Dated:  June 10, 2022

                **REITLER KAILAS & ROSENBLATT LLP**

                By: _s/ Brett Van Benthysen_
                  Brian Caplan
                  Brett Van Benthysen
                  885 Third Avenue, 20th Floor
                  New York, NY 10022
                  Tel: (212) 209-3045
                  bcaplan@reitlerlaw.com
                  bvanbenthysen@reitlerlaw.com

                *Counsel for defendant Elgin Baylor Lumpkin*