UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNIE HINES,
                            Plaintiff,

-v-

W. CHAPPELL MUSIC CORP., et al.,
                            Defendants.

20-CV-3535 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Ernie Hines brings this action against W Chappell Music Corp. and the artists known as Jay-Z, Timbaland, and Ginuwine (together, "Defendants"). Hines alleges that Defendants incorporated elements of his 1960's soul single "Help Me Put Out The Flame (In My Heart)" ("Help Me") into two hip-hop songs, "Paper Chase" and "Toe 2 Toe," without his permission. Hines initially asserted claims solely under the Copyright Act. In his Third Amended Complaint, now the operative pleading ("Compl."; *see* Dkt. No. 101-1; Dkt. No. 149), Hines adds a claim for unjust enrichment. Defendants move to dismiss that claim, Count VII, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion is granted.

**I.    Background**

    For a full recitation of the relevant facts, the Court refers to its prior opinion in this case. *See Hines v. W Chappell Music Corp.,* No. 20 Civ. 3535, 2021 WL 2333621, at *1 (S.D.N.Y. June 8, 2021.) (Dkt. No. 78.) Subsequent to that decision, Hines added Ginuwine as a defendant because he is also a composer of "Toe 2 Toe," but the relevant facts otherwise remain unchanged.

## II. Legal Standards

### A. 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," such that a plaintiff's claims cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard "demands more than an unadorned . . . accusation" or a "formulaic recitation of the elements of a cause of action," and instead demands that a complaint plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)). When a court grants a plaintiff's motion to amend, this grant does not preclude a later motion to dismiss the amended pleading under Rule (b)(6). *Ashcroft v. Dept. of Corrections*, 2007 WL 1989265 at *7 (W.D.N.Y. 2007).

### B. Preemption Under the Copyright Act

Defendants argue that the Copyright Act preempts Hines' unjust enrichment claim. Section 301 of the Copyright Act "preempts state law actions that seek to vindicate rights equivalent to those protected under the Copyright Act." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 453 (S.D.N.Y. 2014). Specifically, the Copyright Act exclusively governs claims when the work at issue falls within the type of works protected by 17 U.S.C. §§ 102 and 103 and the rights that the claim seeks to vindicate are equivalent to the rights already protected under 17 U.S.C. § 106. *See* 17 U.S.C. § 301(a); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

In other words, a state law action—such as unjust enrichment—is typically preempted if it is premised on the unauthorized use of copyrighted works, because then it is "essentially identical" to a copyright infringement claim. *Young-Wolff v. McGraw-Hill Sch. Educ. Holdings, LLC,* No. 13 Civ. 4372, 2015 WL 1399702, at *5 (S.D.N.Y. Mar. 27, 2015). And indeed, courts in this Circuit recognize that typically, the "Copyright Act preempts unjust enrichment claims." *Franklin v. X Gear 101, LLC*, 17 Civ. 6452, 2018 WL 3528731, at *20 (S.D.N.Y. July 23, 2018). An unjust enrichment claim may escape preemption, however, if it possesses "extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305.

### III.    Discussion

To determine whether a claim falls under the Copyright Act, courts evaluate (1) whether the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act (the "subject matter requirement") and (2) whether the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law (the "general scope requirement"). *Briarpatch* at 305.

#### A.    Subject Matter

The subject matter requirement is satisfied where the unjust enrichment claim pertains to a copyrightable work, which is "a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F. 3d at 305. Hines' unjust enrichment claim stems, just as his copyright claims do, from Defendants' alleged unlawful use of portions of his copyrighted song "Help Me" in their songs "Toe 2 Toe and "Paper Chase." *See* Compl. ¶ 75. These portions indisputably fall within the ambit of copyrightable works.

### B.     General Scope

The general scope requirement is satisfied "when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Briarpatch*, 373 F.3d at 305.  This occurs when the state law claim involves "acts of reproduction, adaption, performance, distribution or display." *Id.*  Again, this requirement is clearly met.  Hines' unjust enrichment claim is based on Defendants' alleged use of protectable elements of "Help Me" in their own songs without his permission.  Therefore, his unjust enrichment claim is based on their alleged reproduction, adaption, performance, and/or distribution of his copyrighted work without his permission—all acts that fall under the protection of the Copyright Act.

### C.     Extra Element

Hines does not dispute that the Copyright Act generally preempts unjust enrichment claims or that his claim is based on a copyrightable work.  (*See* Dkt. 134 at 5.)  Rather, Hines contends that his claim escapes preemption because it contains an "extra element" that renders it qualitatively different from a copyright infringement claim.  (*See id.* at 6.)  The Court does not agree.

Determination of whether a claim is "qualitatively different" rests on "what the plaintiff seeks to protect, the theories in which the matter is thought to be protected[,] and the rights sought to be enforced." *Briarpatch*, 373 F.3d at 306 (citing *Computer Assocs. Int'l Inc. v. Altai*, 982 F.2d 693, 716 (2d Cir. 1992)).  For example, the Second Circuit has held that claims involving trade secrets or breach of confidential relationships are not necessarily preempted. *See Computer Assoc.*, 982 F.2d at 717; *Smith v. Weinstein*, 578 F.Supp. 1297, 1307 (S.D.N.Y.1984), *aff'd without opinion*, 738 F.2d 419 (2d Cir. 1984).  Courts in this District have made clear, however, that the additional elements of awareness, intent, or enrichment alone do not suffice to

4

alter a claim enough to escape preemption, for they "limit[] the scope of the claim but leave[] its fundamental nature unaltered." *Briarpatch*, 373 F.3d at 306 (holding an unjust enrichment claim preempted because, although plaintiff must prove "enrichment," the essential nature of the claim remained the unauthorized use of a work); *see also, e.g.*, *Transcience Corp.* 50 F. Supp. 3d at 453 (noting that an action "will not be saved form preemption by elements such as awareness or intent.") (citing *Computer Assocs.*, 982 F.2d at 717). As a result, "an unjust enrichment claim is generally preempted where it seeks damages for the unauthorized use of a copyrighted work." *Young-Wolff*, 2015 WL 1399702, at *5.

Hines' unjust enrichment claim falls squarely into the latter camp. Hines premises his unjust enrichment claim on the same facts as his copyright claims and he alleges no additional elements beyond enrichment and awareness. (Compl. ¶ 75.) Nor does Hines allege that Defendants were enriched by anything other than their alleged unauthorized use of protectable portions of "Help Me." *See Am. Movie Classics Co. v. Turner Ent. Co.*, 922 F. Supp. 926, 934 (S.D.N.Y. 1996) (explaining that an unjust enrichment claim may succeed "to the extent plaintiffs can show that defendants have been unjustly enriched by material beyond copyright protection").

Hines attempts to save his unjust enrichment claim by relying on *Ulloa v. Universal Music & Video Distribution Corp.*, in which the court construed the plaintiff's unjust enrichment claim as an alternative to her copyright claim and allowed it to proceed. 303 F. Supp. 2d 409, 419 (S.D.N.Y. 2004). *Ulloa*, however, is readily distinguishable. There, the plaintiff's claim rested on Jay-Z's alleged use in one of his songs of a vocal phrase she recorded alongside him in his studio. *Id.* at 411. In allowing her unjust enrichment claim to proceed, the court reasoned that "factual disputes regarding the validity of Plaintiff's copyright" remained, because "if a jury

5

finds that Plaintiff has no copyright in the composition or sound recording of the Vocal Phrase or that she licensed her copyrights to Defendants," then her claim would not be preempted. *Id.* at 419. Denying reconsideration, the court further explained that the claim survived because possible interpretations were that Ulloa performed the vocal phrase as a work for hire but was not compensated for her time and labor, or that defendants violated the terms of an implied license. *Ulloa v. Universal Music & Video Distribution Corp.*, No. 01 CIV. 9583, 2004 WL 840279, at *2 (S.D.N.Y. Apr. 19, 2004).

Unlike the plaintiff in *Ulloa*, Hines has not articulated any sufficient, independent basis on which his unjust enrichment claim could stand. *See, e.g.*, *Roberts v. BroadwayHD LLC*, No. 19 Civ. 9200, 2022 WL 976872, at *17 (S.D.N.Y. Mar. 31, 2022) (finding the Copyright Act expressly preempted plaintiff's unjust enrichment claim where he "restate[d] the premise for his copyright infringement claim and then propose[d] the doctrine of unjust enrichment as an alternative vehicle for recovering royalties owed" (alteration in original)).

Hines has laid out no claim based on implied license. Rather, he alleges that the Defendants never contacted him or sought his approval. (Compl. ¶¶ 22, 37, 67.) Nor is there any cognizable claim that he composed the relevant portion of the song as a work for hire. "Help Me" predates the allegedly infringing songs by decades; while Hines alleges that his work on "Help Me" enriched defendants, he alleges that it did so through their unauthorized use of it, not because he performed the work on "Help Me" *for* the Defendants. And while Hines undoubtably expended time and labor in creating "Help Me," this is also true of nearly every conceivable copyright claim. Finding this alone enough to overcome preemption would render § 301 of the Copyright Act a nullity. Unlike in *Ulloa*, Hines' unjust enrichment claim does not contain an extra element rendering it qualitatively different from his claims under the Copyright Act. *See*

*Ulloa*, 2004 WL 840279, at *3 ("If Plaintiff's unjust enrichment claim were predicated solely on Defendants' 'unauthorized use' of the Vocal Phrase, then it would not be an alternative claim.").

  **D.** **Pleading in the Alternative**

Finally, a plaintiff may not overcome the preemptive scope of the Copyright Act merely by arguing that an unjust enrichment claim can be pleaded in the alternative. *See Moser Pilon Nelson Architects, LLC v. HNTB Corp.*, No. 05 CV 422, 2006 WL 2331013, at *11 (D. Conn. Aug. 8, 2006) ("[O]n [p]laintiffs' theory of pleading in the alternative, no court could ever decide a motion to dismiss a claim on the basis of preemption until the merits of the copyright claim had first been decided."); *Atrium Group De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 510 (S.D.N.Y. 2008) ("Rule 8(d)(2) of the Federal Rules of Civil Procedure does not purport to override § 301 preemption."). In *Ulloa,* the Court construed the plaintiff's claim in the alternative because she had articulated an independent theory. *See* 2004 WL 840279, at *3. As explained above, Hines has not done so. The Copyright Act preempts Hines' unjust enrichment claim.

**IV.** **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Count VII of the Third Amended Complaint (*see* Dkt. No. 149) is GRANTED and Count VII is hereby DISMISSED.

The Clerk of Court is directed to close the motion at Docket Number 127.

SO ORDERED.

Dated: August 23, 2022
   New York, New York

                _____
                  J. PAUL OETKEN
                 United States District Judge