UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
ERNIE HINES,
                              Plaintiff,

               -v-

EMI APRIL MUSIC INC., *et al.*,
                              Defendants.
―――――――――――――――――――――――――――――――

20-CV-3535 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    A telephone conference was held in this case on January 10, 2023 on the subject of the motion at Docket No. 200. Hines's attorney, Andrew Williams, did not appear despite being ordered to do so via text order. (*See* Dkt. No. 202.)

    On January 3, 2023, the same day that Hines' opposition to Defendants' summary judgment motion was due (*see* Dkt. No. 188, Dkt. No. 197), Hines sent a letter directly to this Court and to Defendants' counsel, stating that he no longer wished to be represented by Williams and requesting an extension of 60 days to find new counsel and submit the opposition to Defendant's summary judgment motion. (*See* Dkt. No. 201-1.) Later that day, Williams filed a letter with the Court representing that he was "on track" to meet the deadline for the opposition brief, but believed he now lacked the authority to submit it because Hines terminated his representation. (Dkt. No. 200.) Williams also requested that the Court stay this case to allow Hines time to find new counsel and file the now-overdue opposition brief. *Id.*

    The Court construes these letters, together, as a request for permission for Williams to withdraw as counsel. The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court. *See, e.g.*, *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Here, neither Williams nor Hines's request complied with Local Civil Rule 1.4 or this

Court's individual practice rules, which require that such requests, at a minimum, be received at least 48 hours in advance of a deadline. Nor have Hines or Williams demonstrated good cause to allow Williams to withdraw.

Additionally, this late-filed request comes after nearly four years of protracted litigation in a case where Plaintiff's potential recovery is likely to be quite limited, and hardly proportional to the protracted nature of the discovery and other proceedings. "In considering a motion for leave to withdraw, a court may consider the 'protracted history of the litigation[.]'" *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 2014 WL 1087934, at *2 (S.D.N.Y. Mar. 19, 2014). Much of those four years has consisted of delays requested by Hines (such as a five-month delay in 2020 to allow him to find new counsel after his first counsel requested to withdraw) or his counsel. Indeed, the deadline for Hines's opposition to summary judgment itself has already been extended multiple times — the original due date was November 18, 2022. (*See* Dkt. No. 188.)

The request to allow Williams to withdraw as counsel is denied. The request for a further extension or stay in the case to allow Hines to secure new counsel is also denied. As of now, Williams remains Hines' counsel. If Hines wishes to have new counsel appear or to proceed in this matter *pro se*, he shall file a letter with the Court, but in either case, the existing case deadlines shall stand absent a showing of extraordinary circumstances.

The request to extend the deadline to oppose Defendants' motion for summary judgment is granted in part and denied in part. Hines's opposition to Defendants' motion for summary judgment shall be submitted by January 13, 2023, whether *pro se* or by Williams, or else Defendants' motion for summary judgment shall be considered fully submitted and unopposed.

Williams is directed to provide a copy of this order to Hines by both email and mail.

The Clerk of Court is directed to close the motion at Docket No. 200.

SO ORDERED.

Dated: January 10, 2023
       New York, New York

                                                                                J. PAUL OETKEN
                                                                      United States District Judge