UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ERNIE HINES,

                       Plaintiff,

          -v-

BMG RIGHTS MANAGEMENT (US)
LLC, *et al.*,

                       Defendants.
———————————————————————

20-CV-3535 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Ernie Hines brought this copyright infringement suit against W Chappell Music Corporation and the artists known as Jay-Z and Timbaland (collectively, the "Warner Defendants"), as well as the artist known as Ginuwine. On September 25, 2023, this Court granted two summary judgment motions, one filed by the Warner Defendants and the other filed by Ginuwine. (ECF No. 224.)

      Hines now moves for reconsideration of that Opinion and Order. For the reasons that follow, the motion for reconsideration is denied.

**I.    Discussion**

      The Court assumes familiarity with the facts and history of this case. *See Hines v. BMG Rights Mgmt. (US) LLC*, __ F. Supp. 3d __, 2023 WL 6214264, at *1-2 (S.D.N.Y. 2023) (ECF No. 224). Hines brings his motion under Local Rule 6.3 of this Court, as well as Federal Rules of Civil Procedure 59 and 60. (ECF No. 227 at 2.)

      As an initial matter, Hines cannot move for reconsideration under Local Rule 6.3 alone, as such a motion would be untimely. Local Rule 6.3 states that "[u]nless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration . . . shall be served . . . within fourteen (14) days after the entry of the judgment." Here, Hines served his

notice of motion for reconsideration twenty-eight days after the judgment was entered.  (*See* ECF No. 232 at 2.)  "As numerous cases from this Circuit have held," the untimeliness of a "motion for reconsideration under Local Civil Rule 6.3 . . . is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (concluding that such a motion filed twenty-seven days after the order at issue was untimely); *see also Palin v. N.Y. Times Co.*, 482 F. Supp. 3d 208, 224 n.15 (S.D.N.Y. 2020); *In re Platinum-Beechwood Litig.*, 377 F. Supp. 3d 414, 419 (S.D.N.Y. 2019).

Still, the Court proceeds to evaluate Hines's motion under Rules 59 and 60, as the timeliness requirement in Local Rule 6.3 does not apply if another "statue or rule (such as Fed. R. Civ. P. . . . 59)" provides otherwise.  Under Rule 59(e), a movant has "28 days after the entry of the judgment" to file a motion to alter or amend a judgment, Fed. R. Civ. P. 59(e), and under Rule 60, a motion "must be made within a reasonable time"—and in certain circumstances, "no more than a year after the entry of the judgment," Fed. R. Civ. P. 60(c)(1).

Because Hines does not meet the standard for relief under either of those rules, the Court denies his motion for reconsideration.  "The decision whether to grant a motion for reconsideration under Local Rule 6.3 and Federal Rule 59(e) or a motion under Rule 60(b) lies in the sound discretion of the district court."  *Farez-Espinoza v. Napolitano*, No. 08-CV-11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009) (citing *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 272-73 (S.D.N.Y. 2001)).

A. **Rule 59 Motion**

A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (internal quotation marks and citations omitted). It is therefore an "extraordinary remed[y]" that is "to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund*, 10 F. Supp. 3d at 475 (internal quotation marks and citation omitted).

Hines has not met the heavy burden to demonstrate that the requirements of Rule 59(e) are met. He has not shown any "intervening change of controlling law." *Id.* at 475. Nor has he shown "the availability of new evidence." *Id.* Thus, Hines rests his motion on the purported "need to correct a clear error or prevent manifest injustice," and his primary argument is that the Court's exclusion of the untimely Bennett materials demonstrates that need. *Id.* The standard Hines must meet is a strict one, as "[m]anifest injustice 'is defined as an error committed by the trial court that is direct, obvious, and observable.'" *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, Nos. 15-CV-2739, 16-CV-8569, 2023 WL 3625784, at *1 (S.D.N.Y. May 24, 2023) (quoting *Corpac v. Does*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013)).

Upon reconsidering the issue, the Court concludes that it did not commit clear error or manifest injustice by excluding the untimely Bennett materials. As the Court explained in its

3

original opinion, those materials were submitted long after the close of expert discovery.  Under Rule 26(a)(2)(D), parties are obligated to "make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  And under Rule 37(c)(1), a party cannot use information that is disclosed in an untimely fashion "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Given the untimely nature of the Bennett materials, four factors are relevant to whether exclusion of late disclosures is appropriate: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

The Court adopts its previous discussion relevant to these factors to conclude that Hines has not met his burden.  *See Hines*, 2023 WL 6214264, at *3 (ECF No. 224 at 5-7).  On the first factor, Hines now claims that he was "never afforded opportunity to provide an explanation for the 'late' disclosure." (ECF No. 227 at 8.)  To the contrary, the Court has considered Hines's justifications twice over, and this opinion represents the third time the Court again addresses those alleged justifications.  First, after the parties had one year to complete fact discovery—a deadline that had already been extended twice—Hines sought to extend discovery and cited personal conflicts.  (ECF No. 167.)  The Court denied that request, both because it "did not comport with this Court's individual rules" and because it was "not proportional to the needs of this case."  (ECF No. 178.)  Second, Hines moved for reconsideration of that order, arguing that the Court did not properly account for personal conflicts—the same conflicts that he had previously raised with the Court, and the same conflicts that he now repeats in the instant motion

4

for reconsideration. (ECF Nos. 179, 180.) The Court again denied Hines's request, observing that there were "multiple rationales in its original order that remain pertinent," as described above. *Hines*, 2023 WL 6214264, at *3 (ECF No. 224 at 5-6).

Now, for a third time, Hines argues that the same personal matters—ones that the Court has already considered twice—justified the late submission of the Bennett materials. But reliance on that same explanation does not establish clear error in the Court's original order. Further, Hines's candid admission and repeated insistence that he thought he was justifiably "relying on and anticipating that the Letter Motion [for extension of discovery deadlines] would be granted" in filing the Bennett materials past the relevant deadline demonstrates his plain disregard for the deadlines imposed by this Court. (ECF No. 227 at 7.)

The Court also explained twice in its original opinion that it would have reached the same conclusion even had it considered Dr. Bennett's supplemental materials, which is relevant to the second factor of the importance of the excluded testimony. *Hines*, 2023 WL 6214264, at *6, *7 (ECF No. 224 at 11, 14). Moreover, even if Hines is correct that Dr. Bennett's supplemental materials contained significantly new information that would have influenced the Court's decision, that simply highlights the prejudice that Defendants would have suffered had the Court admitted the untimely materials—the third relevant factor in the exclusion inquiry. As the Court explained, the purpose of excluding untimely disclosures is to "prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). Here, the deadline for Plaintiff's expert disclosures was September 1, 2022, and the expert discovery deadline was October 21, 2022. But Dr. Bennett's report is dated December 18, 2022, and Hines filed Dr. Bennett's supplemental materials for the first time on January 14, 2023, appended to his opposition to Defendants' motions for summary judgment.

5

As the Court observed in its original order, Defendants made their motion for summary judgment based on the record established at the close of discovery and justifiably relied on that record. *Hines*, 2023 WL 6214264, at *3 (ECF No. 224 at 7). Indeed, the fact that discovery was closed (after being extended multiple times) also weighs against the advisability of a continuance, the fourth relevant factor in the exclusion inquiry. Here, had the Court admitted the untimely Bennett materials, Defendants would have been "prejudiced by the admission of the declarations, because [they] made [their] motion for summary judgment based on what [they] thought to be all of the evidence accumulated in discovery." *Fleming v. Verizon N.Y., Inc.*, No. 03-CV-5639, 2006 WL 2709766, at *8 (S.D.N.Y. Sept. 22, 2006).*

Ultimately, Hines's continuous disregard for the relevant deadlines, the significant prejudice Defendants would have faced without exclusion, and the further delay from admitting untimely evidence in this yearslong litigation weighs heavily in favor of exclusion, and the Court cannot say that its weighing of those factors constituted clear error or manifest injustice. That is so even if Hines can show that one of the factors is neutral or even favors admission. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-97 (2d Cir. 2006) (affirming district court's decision to exclude evidence even though one factor counseled against exclusion).

Finally, Hines newly suggests that Dr. Bennett's materials were indeed timely because they qualified as a rebuttal expert report under Rule 26(a)(2)(D)(ii). As a threshold matter, it is unclear if Hines can even invoke that provision, as the provision makes it "crystal clear . . . that the default schedule for expert disclosure controls only in the absence of other direction from the

---

* Hines suggests that preclusion is inappropriate because he did not make the untimely submissions in bad faith, but the Second Circuit has clarified that a showing of bad faith is not required for preclusion. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) ("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

court or stipulation by the parties." *Rekor Sys., Inc. v. Loughlin*, No. 19-CV-7767, 2022 WL 2063857, at *5 (S.D.N.Y. June 8, 2022) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 26(a)(2)(D)(ii) (allowing for rebuttal evidence within thirty days only "[a]bsent a stipulation or a court order"). "Thus, where there is a stipulation or a court order, that stipulation or court order governs," and the "parties must comply with the terms of the court order notwithstanding what otherwise might be permitted under Rule 26(a)(2)(D)(ii)." *Rekor Sys.*, 2022 WL 2063857, at *5. Here, the relevant court order made clear that Plaintiff's expert disclosures were due September 1, 2022 and that the "[e]xpert discovery deadline" was October 21, 2022—deadlines that passed months before Dr. Bennett's supplemental materials were filed. (ECF Nos. 148, 152.)

Even if rebuttal reports could be submitted under Rule 26(a)(2)(D)(ii) despite the Court's order, Rule 26 is clear that such reports "must be made . . . within 30 days after the other party's disclosure," i.e., the disclosure that the rebuttal is responsive to, which is Dr. Ferrara's report. Fed. R. Civ. P. 26(a)(2)(D)(ii). Once again, Hines has missed the relevant deadline. Dr. Ferrara's report was dated September 29, 2022 and submitted with the motion for summary judgment on November 4, 2022. (ECF No. 182.) Dr. Bennett's allegedly responsive materials, however, were dated December 18, 2022 (ECF No. 211 at 9) and submitted for the first time with the opposition to the motion for summary judgment on January 14, 2023. (ECF No. 211.) Critically, Hines has never previously characterized the additional Bennett materials as proper rebuttal material under Rule 26(a)(2)(D)(ii) and simply submitted the untimely materials with no justification or explanation with his opposition to Defendants' motions for summary judgment. As the Court explained, the supplemental Bennett materials expand on why the introduction in "Help Me" is distinct from the stock Mysterioso Pizzicato, but Dr. Bennett's original report

7

already referenced that tune, and "an expert's rebuttal statement is not an opportunity for a correction or fill[ing] in the gaps of the party's case-in-chief, particularly where those gaps are revealed through the opposing party's summary judgment motion." *Engler v. MTD Prods., Inc.*, 304 F.R.D. 349, 356 (N.D.N.Y. 2015) (internal quotation marks and citation omitted).

### B. Rule 60 Motion

Hines fares no better under Rule 60. Although he purports to invoke Rule 60, he does not mention the standard for relief under that rule (ECF No. 227 at 5) or even attempt to argue that he meets its requirements. Rule 60 contains two subsections, Rule 60(a) and Rule 60(b); neither provides Hines with any relief.

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to 'implement the result intended by the court at the time [an] order was entered.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (summary order) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999)). "However, a court acting pursuant to Rule 60(a) may not make 'changes that alter the original meaning [of an order] to correct a legal or factual error.'" *Id.* (quoting *Rezzonico*, 182 F.3d at 151). Here, Hines does not ask for the correction of any clerical error, and he requests relief directly contrary to what the court intended and concluded in its Opinion and Order. Thus, this is not a case in which "the judgment simply has not accurately reflected the way in which the rights and obligations to the parties have in fact been adjudicated." *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986).

Rule 60(b) is similarly narrow and inapplicable. That provision is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted). Such relief is available in limited and enumerated

circumstances, such as "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Such relief is not available, however, "where the moving party seeks solely to relitigate an issue already decided." *Weiming*, 595 F. App'x at 80 (quoting *Shrader v. CXS Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Here, Hines's claim is one that is "based on legal error alone," which is "inadequate" for relief under Rule 60(b), which "may not be used as a substitute for appeal." *United Airlines, Inc. v. Brien*, 588 F. 3d 158, 176 (2d Cir. 2009) (internal quotation marks and citation omitted).

**II.    Conclusion**

For the foregoing reasons, Hines's motion to reconsider this Court's grant of the Warner Defendants' and Ginuwine's motions for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 226.

SO ORDERED.

Dated: January 10, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge