UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNIE HINES,
                    Plaintiff,

-v-

BMG RIGHTS MANAGEMENT (US) LLC, *et al.*,
                    Defendants.

20-CV-3535 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    This action involves copyright infringement claims brought by Plaintiff Ernie Hines based on the allegedly unlawful copying of the introduction of one of Hines's songs. On September 25, 2023, this Court granted two summary judgment motions by Defendants. (ECF No. 224.) Hines moved for reconsideration of that decision on October 23, 2023 (ECF No. 226), and the Court denied that motion on January 10, 2024 (ECF No. 233).

    On February 13, 2024, Hines filed a motion for extension of time to file a notice of appeal. (ECF No. 235.) Hines explained that he thought he had filed and paid for the notice of appeal on January 30, 2024, which would have constituted a timely appeal, but the notice of appeal was never docketed. (ECF No. 235.) Hines further explains in a reply brief that he "recalls 'completing the transaction'" to file the notice of appeal, but he acknowledges that the notice of appeal was not actually filed in a timely fashion. (ECF No. 237 at 5.) Defendants oppose Hines's motion. (ECF No. 236.)

    Rule 4 of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Under Rule 4, Hines was required to file his notice of appeal by February 9, 2024; the notice of appeal that he ultimately filed on February 13, 2024 was not filed

1

within the permitted time period prescribed by Rule 4.  Where a party fails to file a notice of appeal in a timely fashion, a district court can "extend the time to file a notice of appeal" if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."  *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).

Hines meets neither the good cause nor the excusable neglect standard.  To begin, it appears that the excusable neglect standard is the one that applies, as Hines does not provide any evidence that his tardiness arose from factors outside his control beyond general, unsupported suggestions that a technical glitch may have occurred.  Indeed, after representing that he filed and paid for the notice of appeal within the permitted time period, he concedes that he "at least . . . thought" that he had done so, acknowledging the likelihood that the late filing was due to attorney error.  (ECF No. 235 at 1.)

Thus, the excusable neglect standard is the relevant one, and Hines cannot meet that demanding standard.  Under that standard, courts consider four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).  "The burden of proving excusable neglect lies with the late-claimant."  *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (internal quotation marks and citation omitted).  The Second Circuit has "taken a hard line in applying the *Pioneer* test," and it has explained that "where the rule is entirely clear, we

continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 122-23 (internal quotation marks and citation omitted). Courts consider the third *Pioneer* factor—the excuse given for the late filing—to be the most important factor in the inquiry, and courts assess whether the asserted reason for the late filing was within the reasonable control of the movant. *Id.*

Attorney inadvertence does not constitute excusable neglect. *See, e.g.*, *Redhead v. Conference of Seventh-Day Adventists*, 360 F. App'x 232, 235 (2d Cir. 2010) (summary order) (even an "honest mistake" does not constitute excusable neglect); *Dennett v. CIA*, 252 F. App'x 343, 344-45 (2d Cir. 2007) (summary order) (good-faith mistake of mailing the notice of appeal to the wrong address did not constitute excusable neglect, especially when "appellant received proper instructions from the district court about how to file her notice of appeal"); *In re Johns-Manville Corp.*, No. 04-CV-8001, 2006 WL 1676392, at *3 (S.D.N.Y. June 14, 2006) (error in computing the deadline to file a notice of appeal does not constitute excusable neglect).

Here, Hines's failure to file a notice of appeal in a timely manner appears to have been his attorney's mistake, and the third *Pioneer* factor counsels against granting his requested extension. Although Hines asserts that he paid the fee for a notice of appeal, he never received confirmation or notice via the Court's docketing system indicating that he had successfully filed the notice of appeal, and that lack of confirmation should have put him on notice about his error. Hines's failure to file a timely notice of appeal also would have been apparent to him had he reviewed the docket itself. "It remains the duty of Filing and Receiving Users to . . . regularly review the docket sheet of the case," and "the failure by plaintiffs' counsel to . . . regularly monitor the docket sheet . . . is inexcusable attorney error, the consequences of which must be

borne by plaintiff." *Cantore v. City of New York*, No. 16-CV-2748, 2018 WL 10435166, at *2 (S.D.N.Y. May 9, 2018) (internal quotation marks and citations omitted).

Moreover, Hines himself "concede[s] that this Court could find *some* prejudice" to Defendants were the Court to grant an extension, meaning that the first *Pioneer* factor supports Defendants' position. (ECF No. 237 at 4.) As Defendants point out, this dispute has spanned nearly five years and Hines has repeatedly failed to meet deadlines set by the Court. Thus, even if the delay was not particularly long and even if Hines acted in good faith, the first and third *Pioneer* factors counsel against granting Hines's motion.

Accordingly, Hines's motion for an extension of the time to file a notice of appeal is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 235.

SO ORDERED.

Dated: March 6, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge